IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SERGIO MILLAN-CASTRO, )<br>)<br>Defendant. )<br>) | No.  06-10176-01-WEB |

### Memorandum and Order

This matter came before the court on the defendant's Sentencing Memorandum, which requested a sentence variance of 41 months imprisonment rather that the 46-month sentence recommended by the Government.  The court orally denied the request at the sentencing hearing of December 4, 2006.  This written memorandum will supplement the court's oral ruling.

Defendant entered a plea of guilty to a one-count Indictment charging that he was found unlawfully in the United States on or about July 26, 2006, after having been deported subsequent to conviction for an aggravated felony.  Under his plea agreement, the Government agreed to recommend a sentence at the low end of the applicable advisory guideline range, while the defendant reserved the right to ask for a sentence below the guideline range.

Defendant's argument for a variance is based in part on the fact that he completed his state sentence on July 25, 2006, and was then turned over to ICE custody the following day, July 26, 2006. He was charged in this case with having been unlawfully found in the United States on or about July 26, 2006.  The Presentence Report applies a 2-point increase to defendant's criminal history score because the instant offense was committed less than 2 years following his release from

custody on his state sentence. *See* USSG § 4A1.1(e). Defendant concedes the Report has correctly applied the guideline, but he argues the court should exercise discretion to impose a lesser sentence, in part because Government should not be able to make the enhancement apply by choosing to charge him with being "found" on a date just after his release from state custody. He also notes he has been subject to a 16-level enhancement in this case (because his prior felony was a crime of violence) and he had to serve all of his state sentence prior to serving this sentence.

Defendant's argument that the Government improperly or unfairly influenced the application of the enhancement by choosing the date of the offense is unpersuasive. Even had the Government charged that the defendant was "found" on a date while he was still imprisoned by the state, a 2-point increase would still have applied because § 4A1.1(e) says 2 points are added "if the defendant committed the instant offense less than two years after release from imprisonment ... or while in imprisonment ... on such a sentence." Similarly, had the indictment charged that the defendant was "found" on a date prior to his imprisonment on the state offense, he still would have been subject to a 2-level increase under § 4A1.1(d) for committing the instant offense while under a criminal justice sentence. The court concludes that the 2-point increase is appropriate and warranted, and that under the factors in § 3553(a), a sentence at the low end of the advisory guideline is appropriate in this case.

Defendant's Request for a Sentencing Variance is DENIED for the reasons set forth above. IT IS SO ORDERED this   5th   Day of December, 2006, at Wichita, Ks.

                                        s/Wesley E. Brown

                                        Wesley E. Brown
                                        U.S. Senior District Judge